UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Michel Valle
and other similarly situated individuals,

     Plaintiff(s),

v.

Clean Step Linens USA, INC.,
Daniel C. Anderson, and
Nancy Anderson, individually,

     Defendants,

_____/

## **COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Michel Valle, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Clean Step Linens USA, INC., Daniel C. Anderson, and Nancy Anderson, individually, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular and minimum wages and under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Michel Valle is a resident of Manatee County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Clean Step Linens USA, INC. (from now on, Clean Step, or Defendant) is a Florida corporation, having a place of business in Sarasota County, Florida, where Plaintiff worked for Defendant.

4. The individual Defendants Daniel C. Anderson and Nancy Anderson were and are now the owners/partners/officers and Managers of Defendant Corporation Clean Step. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Sarasota County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Michel Valle as a collective action to recover from the Defendants overtime compensation, minimum wages, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on

or after Julio 2021, (the "material time") without being adequately compensated.

7. Corporate Defendant Clean Step is a dry-cleaning establishment that provides laundry services to commercial accounts. Defendant has laundry facilities located at 1302 Rome Avenue, Unit D, Sarasota, Florida 34243, where Plaintiff and other similarly situated worked.

8. Defendants Clean Step, Daniel C. Anderson, and Nancy Anderson employed Plaintiff Michel Valle as a non-exempted, full-time employee from approximately July 15, 2021, to November 23, 2021, or 19 weeks.

9. Plaintiff had duties as a warehouse laundry employee and delivery driver. Plaintiff wage rate was $17.00 an hour. Plaintiff's overtime rate should be $25.50 an hour.

10. Plaintiff worked under the supervision of Supervisor Alex LNU, and the owners of the business.

11. While employed by Defendants, Plaintiff had a regular schedule. Every month, Plaintiff worked 2 weeks of 5 days and 2 weeks of 6 days.

12. In weeks of 5 days, Plaintiff worked regularly from Monday to Friday, from 4:00 AM to 5:00 PM (13 hours, daily). Plaintiff completed a minimum of 65 hours in a workweek. Plaintiff was not able to take bonafide lunchtime.

13. In weeks of 6 days, Plaintiff worked the same schedule from Monday to Friday, and he also worked on Sundays from 2:00 AM to 12:00 PM (10 hours). Plaintiff was not able to take bonafide lunchtime.

14. Consequently, during his time of employment with Defendants, Plaintiff worked 9.5 weeks with 65 hours and 9.5 weeks with 75 hours.

15. During his employment Plaintiff worked 65 and 75 hours weekly, or 25 and 35 overtime hours weekly. However, Defendants did not compensate Plaintiff for every overtime hour.  Defendants paid Plaintiff an average of 10 overtime hours per week. The remaining overtime hours were not paid at any rate, not even at the minimum wage rate.

16. Plaintiff is not in possession of time and payment records, but he estimates that in weeks of 65 hours, Defendants did not pay him for at least 15 overtime hours, and in weeks of 75 hours, they did not pay him for at least 25 overtime hours.

17. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Plaintiff did not have access to check his working hours, but Defendants knew the number of hours Plaintiff was working.

18. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked

over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

19. Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and the actual number of hours worked.

20. Plaintiff was very disappointed with the number of overtime hours paid to him, and he complained numerous times to his Supervisor Alex LNU. The Supervisor never fixed the problem and told Plaintiff that he was paid correctly.

21. Plaintiff had constant arguments with his Supervisor due to his unpaid overtime hours. After every complaint, Plaintiff was subjected to disfavorable working conditions and harassment.

22. On or about November 19, 2021, Plaintiff complained again about overtime hours and requested his Supervisor to arrange a meeting with the owners of the business to talk about his missing overtime payment. Plaintiff's petition was completely ignored.

23. After November 19, 2021, Plaintiff's working conditions deteriorated even further.

24. On or about November 23, 2021, Plaintiff was forced to resign from his employment with Defendants because Defendants denied the payment of

his overtime hours, and he could not continue working so many overtime hours without adequate payment.

25. At the moment of his constructive discharge, Defendants paid Plaintiff his working hours at the lower wage-rate of $10.00 an hour, and they denied the payment of his first two weeks of employment, retained by Defendants as a security deposit

26. Plaintiff MICHEL VALLE seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, two weeks of unpaid wages, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

27. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

29. This action is intended to include every warehouse/laundry employee, delivery driver, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

30. Plaintiff Michel Valle re-adopts every factual allegation stated in paragraphs 1-29 above as if set out in full herein.

31. Defendant Clean Step was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides laundry services to commercial clients engaged in the hospitality industry. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 yearly. Therefore, there is FLSA enterprise coverage.

32. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced

for commerce and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

33. Defendants Clean Step, Daniel C. Anderson, and Nancy Anderson employed Plaintiff Michel Valle as a non-exempted, full-time, hourly employee from approximately July 15, 2021, to November 23, 2021, or 19 weeks.

34. Plaintiff had duties as a warehouse/laundry employee and delivery driver. Plaintiff wage rate was $17.00 an hour. Plaintiff's overtime rate should be $25.50 an hour.

35. While employed by Defendants, Plaintiff had a regular schedule. Every month, Plaintiff worked 2 weeks of 5 days with 65 hours  and 2 weeks of 6 days with 75 hours.

36. Consequently, during his time of employment with Defendants, Plaintiff worked 9.5 weeks with 65 hours, and 9.5 weeks with 75 hours.

37. During his employment Plaintiff worked 65 and 75 hours weekly, or 25 and 35 overtime hours weekly. However, Defendants did not compensate Plaintiff for every overtime hour.  Defendants paid Plaintiff an average of 10 overtime hours per week. The remaining hours were not paid at any rate, not even at the minimum wage rate.

38. Plaintiff is not in possession of time and payment records, but he estimates that in weeks of 65 hours, Defendants did not pay him for at least 15 overtime hours, and in weeks of 75 hours, they did not pay him for at least 25 overtime hours.

39. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Plaintiff did not have access to check his working hours, but Defendants knew the number of hours that Plaintiff was working.

40. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

41. Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and the real number of hours worked.

42. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

43. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

45. Plaintiff is not in possession of time and payment records, but he will provide a reasonable faith estimate based on his recollections and the best of his knowledge. After discovery, Plaintiff will amend his statement of claim accordingly.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Nine Thousand Six Hundred Ninety Dollars and 00/100 ($9,690.00)

    b. <u>Calculation of such wages</u>:

    Total period of employment: 19 weeks
    Relevant weeks of employment:  19 weeks
    Regular rate: $17.00 an hour x 1.5= 25.50 O/T rate

    **1.- Overtime for 9.5 weeks with 65 hours weekly**

    Relevant weeks of employment: 9.5 weeks
    Total hours worked:  65 hours weekly
    Total unpaid O/T hours:  15 overtime hours weekly
    Regular rate: $17.00 an hour x 1.5= 25.50 O/T rate
    O/T rate: $25.50

O/T $25.50 x 15 O/T hours=$382.50 weekly x 9.5 weeks=$3,633.75

### 2.- Overtime for 9.5 weeks with 75 hours weekly

Relevant weeks of employment: 9.5 weeks
Total hours worked:  75 hours weekly
Total unpaid O/T hours:  25 overtime hours weekly
Regular rate: $17.00 an hour x 1.5= 25.50 O/T rate
O/T rate: $25.50

O/T $25.50 x 25 O/T hours=$637.50 weekly x 9.5 weeks=$6,056.25

Total: #1, and #2: $9,690.00

c.  <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

46. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

47. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's employment with

Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

48. At times mentioned, individual DefendantsDaniel C. Anderson, and Nancy Anderson were, and are now, the owners/partners/managers of Clean Step. Defendant Daniel C. Anderson, and Nancy Anderson were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in Clean Step's interests concerning its employees, including Plaintiff and others similarly situated.  Defendants Clean Step and Daniel C. Anderson had financial and operational control of the business, determined Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

49. Defendants Clean Step, Daniel C. Anderson, and Nancy Anderson willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

50. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Michel Valle and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Michel Valle and other similarly situated individuals and against the Defendants Clean Step, Daniel C. Anderson, and Nancy Anderson based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Michel Valle actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Michel Valle demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:
## FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

51. Plaintiff Michel Valle re-adopts every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

52. Plaintiff Michel Valle brings this action to recover from the Employer Clean Step unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

53. Defendant Clean Step was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides laundry services to commercial clients engaged in the hospitality industry. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 yearly. Therefore, there is FLSA enterprise coverage.

54. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

55. Defendant Clean Step was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

56. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

57.  the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

      (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

      (B) $6.55 an hour, beginning 12 months after that 60th day; and

       (C) $7.25 an hour, beginning 24 months after that 60th day

58. Defendants Clean Step, Daniel C. Anderson, and Nancy Anderson employed Plaintiff Michel Valle as a non-exempted, full-time, hourly

employee from approximately July 15, 2021, to November 23, 2021, or 19 weeks.

59. Plaintiff had duties as a warehouse/laundry employee and delivery driver. Plaintiff's wage rate was $17.00 an hour.

60. While employed by Defendants, Plaintiff had a regular schedule. Every month, Plaintiff worked 2 weeks of 5 days with 65 hours and 2 weeks of 6 days with 75 hours.

61. Consequently, during his time of employment with Defendants, Plaintiff worked 9.5 weeks with 65 hours, and 9.5 weeks with 75 hours.

62. During his employment Plaintiff worked 65 and 75 hours weekly, or 25 and 35 overtime hours weekly. However, Defendants did not compensate Plaintiff for every hour worked as required by law.

63. Plaintiff is not in possession of time and payment records, but he estimates that in weeks of 65 hours, Defendants did not pay him for at least 15 overtime hours, and in weeks of 75 hours, they did not pay him for at least 25 overtime hours.

64. On or about November 23, 2021, Plaintiff was forced to leave his employment because he was not paid for a substantial number of hours every week.

65. At the time of his constructive discharge, Defendants denied Plaintiff the payment of his first two weeks of employment, retained as "security deposit".

66. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Plaintiff did not have access to check his working hours, but Defendants knew the number of hours that Plaintiff was working.

67. Therefore, Defendant willfully failed to pay Plaintiff his regular wages in violation of the Fair Labor Standards Act.

68. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

69. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

70. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable faith estimate of unpaid wages are as follows:

* Florida's minimum wage for 2021 is $8.65, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

      Six Hundred Ninety-Two Dollars and 00/100 ($692.00)

   b. <u>Calculation of such wages</u>:

      Total weeks of employment: 19 weeks
      Total relevant week:  2weeks
      Total hours worked:  40 hours weekly
      Total number of unpaid hours: 40 hours weekly
      Regular rate:  $17.00 an hour

      FL min. wage $8.65 x 40 unpaid regular hours=$346.00 weekly
      $346.00 weekly x 2 weeks=$692.00

   c. <u>Nature of wages</u>:

      This amount represents unpaid regular wages at Florida minimum wage rate.

71. Defendants Clean Step, Daniel C. Anderson, and Nancy Anderson unlawfully failed to pay Plaintiff minimum wages.

72. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated

these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendant as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

73. At times mentioned, individual Defendants Daniel C. Anderson, and Nancy Anderson were, and are now, the owners/partners/managers of Clean Step. Defendant Daniel C. Anderson and Nancy Anderson were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in Clean Step's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Clean Step and Daniel C. Anderson had financial and operational control of the business, determined Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

74. Defendants Clean Step and Marcus D. Williams willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant.

75. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees.

## Prayer for Relief

Wherefore, Plaintiff Michel Valle and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Michel Valle and against the Defendants Clean Step, Daniel C. Anderson, and Nancy Anderson based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Michel Valle and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY CONSTRUCTIVE**
**DISCHARGE; PURSUANT TO 29 USC 215(a)(3);**
**AGAINS ALL DEFENDANTS**

76. Plaintiff Michel Valle re-adopts every factual allegation stated in paragraphs 1-26 of this complaint as if set out in full herein.

77. Defendant Clean Step was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides laundry services to commercial clients engaged in the hospitality industry. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 yearly. Therefore, there is FLSA enterprise coverage.

78. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced

for commerce and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

79. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

80. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

81. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

82. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……"

83. Defendants Clean Step, Daniel C. Anderson, and Nancy Anderson employed Plaintiff Michel Valle as a non-exempted, full-time, hourly employee from approximately July 15, 2021, to November 23, 2021, or 19 weeks.

84. Plaintiff had duties as a warehouse laundry employee and delivery driver. Plaintiff wage rate was $17.00 an hour. Plaintiff's overtime rate should be $25.50 an hour.

85. While employed by Defendants, Plaintiff had a regular schedule. Every month, Plaintiff worked 2 weeks of 5 days with 65 hours  and 2 weeks of 6 days with 75 hours.

86. Consequently, during his time of employment with Defendants, Plaintiff worked 9.5 weeks with 65 hours, and 9.5 weeks with 75 hours.

87. During his employment Plaintiff worked 65 and 75 hours weekly, or 25 and 35 overtime hours weekly. However, Defendants did not compensate Plaintiff for every overtime hour.  Defendants paid Plaintiff an average of 10 overtime hours per week. The remaining overtime hours were not paid at any rate, not even at the minimum wage rate.

88. Plaintiff is not in possession of time and payment records, but he estimates that in weeks of 65 hours, Defendants did not pay him for at least 15 overtime hours, and in weeks of 75 hours, they did not pay him for at least 25 overtime hours.

89. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Plaintiff

did not have access to check his working hours, but Defendants knew the number of hours that Plaintiff was working.

90. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

91. Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and the actual number of hours worked.

92. Plaintiff was very disappointed with the number of overtime hours paid to him, and he complained numerous times to his Supervisor Alex LNU. The Supervisor never fixed the problem and told Plaintiff that he was paid correctly.

93. These complaints constituted protected activity under the FLSA.

94. Plaintiff had constant arguments with his Supervisor due to his unpaid overtime hours. After every complaint, Plaintiff was subjected to disfavorable working conditions and harassment.

95. On or about November 19, 2021, Plaintiff complained again to his Supervisor about overtime hours and requested him to arrange a meeting with the owners of the business. Plaintiff intended to request the payment

of missing overtime hours.  However, Plaintiff's petition was completely ignored.

96. After November 19, 2021, Plaintiff's working conditions deteriorated even further.

97. On or about November 23, 2021, Plaintiff was forced to resign from his employment with Defendants because Defendants denied the payment of his overtime hours, and he could not continue working so many overtime hours without adequate payment.

98. Thus, on or about November 23, 2021, Plaintiff was constructively discharged, because Defendants deliberately created unfair working conditions and harassed Plaintiff in such a way that any reasonable person could not accept, and he was forced to resign.

99. At the moment of his constructive discharge,  Defendants paid Plaintiff his working hours at the lower wage-rate of $10.00 an hour, and they denied the payment of his first two weeks of employment, retained by Defendants as a security deposit

100.      At all times during her employment, Plaintiff performed his work satisfactorily. There was no reason other than unlawful employment practices to constructively discharge Plaintiff.

101.    At times mentioned, individual DefendantsDaniel C. Anderson, and

Nancy Anderson  were, and are now, the owners/partners/managers of

Clean Step. Defendant Daniel C. Anderson, and Nancy Anderson were the

employers of Plaintiff and others similarly situated within the meaning of

Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These

individual Defendants acted directly in Clean Step's interests concerning its

employees, including Plaintiff and others similarly situated.  Defendants

Clean Step and Daniel C. Anderson had financial and operational control of

the business, determined Plaintiff's terms and conditions of employment.

Accordingly, they are jointly and severally liable for Plaintiff's damages.

102.    There is close proximity between Plaintiff's protected activity and his

constructive discharge.

103.    The motivating factor which caused Plaintiff's constructive discharge

as described above was his complaints seeking unpaid overtime wages from

Defendants.  In other words, Plaintiff would not have been discharged but

for his complaints about unpaid overtime wages.

104.    Defendant's termination of Plaintiff was in direct violation of 29 USC

215 (a)(3) and, as a direct result, Plaintiff has been damaged.

105.    Plaintiff Michel Valle has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Michel Valle respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Clean Step, Daniel C. Anderson, and Nancy Anderson that Plaintiff Michel Valle recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff Michel Valle recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Clean Step, Daniel C. Anderson, and Nancy Anderson to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Michel Valle further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Michel Valle demands trial by a jury of all issues triable as of right by a jury.

Dated:  January 12, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:       (305) 446-1500
Facsimile:        (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*