UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHEL VALLE,

    Plaintiff,

v.                                                            Case No: 8:22-cv-107-VMC-AEP

CLEAN STEP LINENS USA, INC.,
DANIEL C. ANDERSON and
NANCY ANDERSON,

    Defendants.
_____/

## SETTLEMENT AGREEMENT AND RELEASE OF PLAINTFF'S CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF PLAINTIFF'S CLAIMS ("Agreement") is made by and between MICHEL VALLE (hereinafter, "Plaintiff") on the one hand, and CLEAN STEP LINENS USA, INC., DANIEL C. ANDERSON and NANCY ANDERSON, individually (hereinafter, collectively as "Defendants"), on the other.

WHEREAS, Plaintiff sued Defendants in the above-referenced case for alleged unpaid overtime compensation, minimum wage, and retaliatory discharge, in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA");

WHEREAS, Defendants deny any violations of the FLSA as it regards Plaintiff, and, in fact, assert that they have at all times complied with all applicable laws, rules and regulations in compensating Plaintiff;

WHEREAS, through the course of this litigation the Parties discovered that Plaintiff's claims were based, in part, on erroneous calculations, and that the value of Plaintiff's claims were far less than what Plaintiff had initially believed when filing suit; and,

1

WHEREAS, Plaintiff and Defendants wish to avoid litigation and settle and resolve the controversy between them as it relates to all known and unknown claims by Plaintiff against Defendants amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that Plaintiff's claims in the above-entitled matter are hereby resolved as follows:

1. **RECITALS**.  The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **ACKNOWLEDGMENTS**. Plaintiff acknowledges that the settlement reached herein is a fair and reasonable settlement of his claims against Defendants.

3. **RELEASE OF CLAIMS**.

    a.   Valle represents and warrants that at the time of executing the Settlement Agreement, there are no known claims against the Company that have not been alleged in the underlying Complaint. Nevertheless, to resolve any doubts about such claims, the parties have negotiated separate consideration for a general release of all claims against the Company and have agreed that the value of such release is One Hundred and 00/100 ($100.00).

    a.   Valle, knowingly and voluntarily releases and forever discharges the Company and its respective parent corporations, affiliates, subsidiaries and divisions, successors, or assigns, and the current and former employees, officers, directors, managers, insurers, attorneys, and agents thereof, both individually and in their official capacities, (collectively, "Releasees") of and from any and all claims, known and unknown, asserted and unasserted, he has or may have

Doc ID: 57f76252b9769baa1cc7f821496af6fe88e925ab

against Releasees as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violations of:

Title VII of the Civil Rights Act of 1964, as amended;

The Civil Rights Act of 1991;

Sections 1981 through 1988 of Title 42 of the United States Code, as amended;

The Employee Retirement Income Security Act of 1974, as amended ("ERISA");

The Immigration Reform and Control Act, as amended;

The Americans with Disabilities Act of 1990, as amended;

The Age Discrimination in Employment Act of 1967 ("ADEA"), as amended;

The Workers Adjustment and Retraining Notification Act, as amended;

The Fair Labor Standards Act, as amended;

The Occupational Safety and Health Act, as amended;

The Florida Civil Rights Act, as amended;

The Florida Minimum Wage Law, as amended;

Equal Pay Law for Florida, as amended;

Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance, including claims for workers' compensation retaliation;

Any public policy, contract, tort, or common law; or

Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

b. Valle further acknowledges and agrees that, with respect to the rights and claims he is hereby releasing and waiving, he has received full and fair consideration.

3

Doc ID: 57f76252b9769baa1cc7f821496af6fe88e925ab

  c. This release does not include a release of any other rights Valle may have under this Agreement.

  d. Valle represents and warrants that at the time of executing the Settlement Agreement, there are no known claims against the Company that have not been alleged in the underlying Complaint. Nevertheless, to resolve any doubts about such claims, the parties have negotiated separate consideration for a general release of all claims against the Company and have agreed that the value of such release is One Hundred and 00/100 ($100.00). Such separate consideration is being paid to Valle by the Company pursuant to Paragraph 4(a)(i) below.

4. **CONSIDERATION**.

  a. In consideration of the matters set forth herein, Defendants shall pay to Plaintiff and his attorney the total gross sum of U.S. Two-Thousand, Five-Hundred Dollars and 00/100 Cents ($2,500.00) (hereinafter the "Settlement Sum"), inclusive of the amount specified in Paragraph 3 above. Such Settlement Sum shall be allocated as follows:

    i. $500.00 made payable to Plaintiff, MICHEL VALLE, c/o Zandro E. Palma, P.A., as and for payment of any alleged unpaid overtime wages, liquidated damages and any other damages allegedly due to Plaintiff pursuant to the FLSA, for which an IRS Form 1099 shall issue to Plaintiff. From this amount, $200.00 shall be allocated as "wages," $200.00 shall be allocated as "liquidated damages", and $100.00 shall be allocated to consideration for the release provided in Paragraph 3 above; and

    ii. $100.00 made payable to Zandro E. Palma, P.A., as payment of attorneys' fees and $1,900.00 as costs, for a total of $2,000.00 in attorney's fees and costs incurred in connection with Plaintiff's claims under the FLSA, and for which separate IRS Forms 1099 shall issue to Zandro E. Palma, P.A.

  b. The full settlement amount $2,500.00, which resolves all of Plaintiff's claims, including payment for attorney's fees and costs, shall be paid in one lump sum payment due on or before April 15, 2022. All funds shall remain in Trust until the Court has entered an Order approving the parties' settlement agreement and dismissing the case with prejudice. The

Doc ID: 57f76252b9769baa1cc7f821496af6fe88e925ab

settlement check shall be made payable to "Zandro E. Palma, P.A. IOLTA Account," or be sent via wire transfer to the Trust Account Zandro E. Palma, P.A., by the above specified deadline;

c. Plaintiff understands and acknowledges that he would not receive the payments specified in this paragraph except for his execution of this Agreement, including the Release of Claims contained herein, and his fulfillment of the promises contained herein.

d. Defendants make no representation as to the taxability of the amounts paid to Plaintiff. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Defendants and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or his attorneys under the terms of this Agreement.

5. **AFFIRMATION**. Plaintiff affirms that, upon payment of the amounts set forth herein, he will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation, and attorney's fees and costs in connection with his claims for overtime compensation against Defendants.

6. **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees of the FLSA. This Agreement represents the compromise of disputed and contingent claims.

7. **OPPORTUNITY TO REVIEW**. Plaintiff acknowledges he is aware he is giving up all claims he may have against the Releasees. Plaintiff acknowledges he has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that he has consulted with his counsel

of record, Zandro E. Palma, P.A., prior to executing this Agreement. Plaintiff signs this Agreement voluntarily.

8. **WAIVER OF JURY TRIAL.** Upon full execution of this Agreement, Court approval of this Agreement, and payment of the Settlement Sum, Plaintiff and Defendants hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to the claims asserted in the above-referenced case.

9. **SEVERABILITY.** Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiff's claims.

10. **VENUE AND GOVERNING LAW.** This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court for the Middle District of Florida.

11. **LITIGATION OF DISPUTES/ATTORNEY'S FEES.** In the event of a dispute as to the execution, interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the instant Court shall retain jurisdiction to resolve such dispute. In addition, the Parties specifically agree that the Court retain the right to award attorney's fees in this action and the enforcement of this agreement. In any dispute, arbitration or litigation arising out of this Agreement, and/or its execution, the prevailing party in such litigation shall be entitled to recover reasonable attorney's fees and costs. These fees and costs shall be recoverable at both

Doc ID: 57f76252b9769baa1cc7f821496af6fe88e925ab

the trial and appellate levels. Any rights of injunctive relief shall be in addition to and not in derogation or limitation of any other legal rights available to PLAINTIFF.

12. **ENTIRE AGREEMENT AS TO PLAINTIFF'S CLAIMS.** This Agreement sets forth the entire agreement between Plaintiff and Defendants as to settlement of Plaintiff's claims. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Agreement, except those set forth in this Agreement.

13. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except as may be required by the Court to obtain the Court's approval of this Agreement..

14. **NEUTRAL REFERENCES**. Defendants agree to only provide neutral references in the event they shall be contacted by a prospective employer of Plaintiff. Said references shall be limited to providing only dates of employment, position held and rate of pay.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF PLAINTIFF'S CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF PLAINTIFF'S CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS

Doc ID: 57f76252b9769baa1cc7f821496af6fe88e925ab

SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF PLAINTIFF'S CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: April 04 / 11 / 2022, 2022      MICHEL VALLE, Plaintiff

Dated: April 7, 2022      CLEAN STEP LINENS, USA, INC.

By: Daniel Anderson, its President

Dated: April 7, 2022      Daniel Anderson, individually

Dated: April 7, 2022      Nancy Anderson, individually

Doc ID: 57f76252b9769baa1cc7f821496af6fe88e925ab



Audit Trail

| | |
|---|---|
| **TITLE** | Settlement Agreement |
| **FILE NAME** | VALLE MICHEL - Se...y DEF) 041122.pdf |
| **DOCUMENT ID** | 57f76252b9769baa1cc7f821496af6fe88e925ab |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

## Document History

**SENT**    **04 / 11 / 2022**    Sent for signature to Michel Valle (rmichelvalle87@gmail.com) from jfp@thepalmalawgroup.com
08:49:29 UTC-4
IP: 75.74.89.99

**VIEWED**    **04 / 11 / 2022**    Viewed by Michel Valle (rmichelvalle87@gmail.com)
11:54:10 UTC-4
IP: 107.122.109.35

**SIGNED**    **04 / 11 / 2022**    Signed by Michel Valle (rmichelvalle87@gmail.com)
11:55:27 UTC-4
IP: 107.122.109.35

**COMPLETED**    **04 / 11 / 2022**    The document has been completed.
11:55:27 UTC-4